**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-cv-21034-JB**

GARCIA HALL,

Plaintiff,

v.

INEZ MARTIN,

Defendant.
___________________________/

# FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court on the *pro se* "Motion for Extension of Time to File Judgment by Default" ("Motion for Extension"), ECF No. [50], together with the "Renewed Motion for Judgment by Default" ("Renewed Motion"), ECF No. [51], filed by Plaintiff Garcia Hall ("Plaintiff") requesting entry of a default judgment against Defendant Inez Martin (the "Defendant"). For the reasons discussed below, Plaintiff's Motion for Extension and Renewed Motion are **GRANTED**.

## I. BACKGROUND

On March 16, 2023, Plaintiff filed a *pro se* civil rights Complaint ("Complaint"), pursuant to 42 U.S.C. § 1983, against the Defendant Sergeant Inez Martin ("Defendant"). ECF No. [1]. On April 11, 2024, after screening the Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), the Court entered an Order, ECF No. [19], allowing the Complaint to proceed against the Defendant on an Eighth Amendment condition of confinement claim, and nominal and punitive damages. *Id.*

at 8. On June 28, 2024, the Defendant was personally served, and a responsive pleading was due within twenty-one (21) days from the date of service, or no later than July 19, 2024. ECF No. [30]. Defendant failed to respond to the Complaint within twenty-one (21) days.

On September 18, 2024, Plaintiff moved for the entry of a Clerk's default against Defendant. ECF No. [31]. On December 13, 2024 and December 17, 2024, Plaintiff again moved for entry of a Clerk's default against Defendant. ECF Nos. [39], [40]. On January 14, 2025, the Clerk issued a default against Defendant. ECF No. [41].

On April 21, 2025, Plaintiff filed a motion for default judgment. ECF No. [46]. On March 27, 2025, the Court entered an Order denying the motion without prejudice to Plaintiff filing a renewed motion explaining in detail the amount of damages and costs being sought against the Defendant. *Id.* at 3.

On April 21, 2025, Plaintiff filed a Renewed Motion presently before the Court for consideration. ECF No. [51]. In his Renewed Motion, executed under penalty of perjury, Plaintiff seeks the award of $1.00 in nominal damages and $6,000.00 in punitive damages. *Id.* at 13–14.

## II. APPLICABLE LEGAL STANDARD

Federal Rule Civil Procedure 55(b) provides that a district court may enter a judgment by default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55(b)(2). If the Court determines that a default is in default, the factual allegations

of the Complaint, except for those relating to the amount of damages, will be taken as true. *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] "A judgment by default may not be entered without a hearing on damages . . . unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Where a plaintiff establishes a violation of a constitutional right, pursuant to 28 U.S.C. § 1997e(e), the award of nominal damages pursuant to § 1997e(d)(2) is permitted. *See Boxer X v. Donald*, 169 F. App'x 555, 559 (11th Cir. 2006) (concluding plaintiff "did seek nominal damages when his complaint requested compensatory damages and 'any other relief the court deems appropriate"); *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978) (finding plaintiff can recover nominal damages even where he is not entitled to compensatory or punitive damages).

Further, in appropriate circumstances, punitive damages may be awarded in a § 1983 action. *See Smith v. Wade*, 461 U.S. 30, 56 (1983); *see also However v. Marks*, 993 F.3d 1353, 1364 (11th Cir. 2021) (holding that § 1997e(3) "permits claims for punitive damages without a physical injury requirement); *Davis v. Locke*, 936 F.2d 1208, 1214 (11th Cir. 1991) (citations omitted). "An award of punitive damages is

---

[1] Pursuant to *Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1982), decisions rendered by the former Fifth Circuit prior to October 1, 1981 are binding precedent in the Eleventh Circuit.

authorized in a civil rights case if 'the defendant was motivated by an evil motive or intent, or there must be reckless or callous indifference to federally protected rights." *Davis*, 936 F.2d at 1214 (quoting *Anderson v. City of Atlanta*, 778 F.2d 678, 688 (11th Cir. 1985) (citing *Smith v. Wade*, 461 U.S. 30 (1983). In awarding punitive damages, courts should consider the following relevant factors: (1) the degree of reprehensibility of the defendant's misconduct; (2) the ratio between the actual and punitive damages; and (3) sanctions for comparable misconduct. *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 576–84 (1996); *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## III. DISCUSSION

In the Complaint, Plaintiff alleged that Defendant failed to allow him to shower during the specific time designated pursuant to an FDOC policy for transgender inmates. ECF No. [1] at 5. Plaintiff further alleged that the Defendant forced him, a transgender inmate, to shower with the general population. *Id.* Accordingly, the Court found the allegations in the Complaint sufficiently stated an objectively reasonable risk of serious injury under the Eighth Amendment. ECF No. [19] at 6. In so holding, the Court also found that Defendant was aware of the risk of serious harm to Plaintiff given the official FDOC policy setting aside specific times for transfer inmates to shower in private, yet she intentionally ignored the risks by forcing Plaintiff to either shower with other inmates or to forego showering altogether. *Id.* The Court further found Plaintiff conceded he did not suffer any physical injuries resulting from the constitutional violation; therefore, he was not

seeking compensatory damages but requested the award of nominal and punitive damages. *Id.* at 7.

Given the allegations in the Complaint, the Court finds Defendant's committed intentional misconduct in refusing to follow FDOC policy, and requiring Plaintiff, a transgender, to shower with other inmates in the general population or forego showering altogether. The Court further finds the Complaint sufficiently alleges that Defendant intentionally made the decision to violate Plaintiff's Eighth Amendment rights and FDOC policy. Defendant's conduct as alleged evidence a malicious purpose and a wanton and willful disregard for Plaintiff's safety.

As relief, Plaintiff seeks $1.00 in nominal damages and $6,000.00 in punitive damages. ECF No. [51]. The Court finds the award of $1.00 in nominal damages appropriate and further finds the award of $1,000.00 in punitive damages sufficient to sanction Defendant for her misconduct. Accordingly, upon review of Plaintiff's Renewed Motion, ECF No. [51], pertinent portions of the record, and relevant authorities, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Extension, ECF No. [50], to file his Renewed Motion is **GRANTED** and the Renewed Motion, ECF No. [51], is accepted as timely filed.

2. Plaintiff's Renewed Motion, ECF No. [51], is **GRANTED**. Pursuant to Rules 54, 55, and 58 of the Federal Rules of Civil Procedure, Final

Default Judgment is entered in favor of Plaintiff Garcia Hall and against Defendant Inez Martin.

3. Plaintiff shall recover from Defendant Inez Martin nominal damages in the amount of $1.00, and punitive damages in the amount of $1,000.00, for which sum let execution issue.

4. Plaintiff shall be entitled to interest on these sums at the rate prescribed by 28 U.S.C. § 1961 and shall be enforceable as prescribed by Rule 69(a) of the Federal Rules of Civil Procedure.

5. The Court shall retain jurisdiction to enforce post-judgment proceedings in aid of execution.

6. All pending motions, not otherwise ruled upon are **DENIED as moot**, and the Clerk of Court **shall** close this case.

**DONE AND ORDERED** in Chambers at Miami, Florida on this 28th day of October, 2025.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to:**

**Garcia Hall, *Pro Se***
DC#121217
Apalachee Correctional Institution-East
Inmate Mail/Parcels
35 Apalachee Drive
Sneads, FL 32460