**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-cv-21034-JB**

GARCIA HALL,

Plaintiff,

v.

INEZ MARTIN,

Defendant.
_________________________/

**ORDER GRANTING MOTION FOR RELIEF FROM DEFAULT AND DEFAULT JUDGMENT**

**THIS CAUSE is** before the Court on the Defendant Inez Martin's ("Defendant") "Motion for Relief From Default and Final Default Judgment" ("Motion") brought pursuant to Fed. R. Civ. P. 55(c). ECF No. [77]. For the reasons discussed below, the Defendant's Motion is **GRANTED**.

## I. RELEVANT BACKGROUND

In 2023, a *pro se* civil rights complaint ("Complaint") was filed by Plaintiff Garcia Hall ("Plaintiff") against Defendant arising from allegations that his constitutional rights were violated while he was confined at the Dade Correctional Institution ("Dade CI"). ECF No. [1]. On April 11, 2024, after screening the Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), the Court entered an Order allowing Plaintiff's Eighth Amendment claim and nominal and punitive damages claim to proceed against Defendant. ECF No. [19] at 8.

On June 14, 2024, the Court entered an Order directing the U.S. Marshal to perfect service upon the Defendant. ECF No. [25] at 3. The U.S. Marshal filed an executed return of service confirming the Defendant was personally served on June 28, 2024. ECF No. [30]. Defendant was required to file a responsive pleading on or before July 19, 2024. *Id.* On January 14, 2025, after Defendant failed to file an answer or other responsive pleading, the Clerk of Court entered a Clerk's Default against Defendant in her individual and official capacity. ECF No. [41].

On April 21, 2025, Plaintiff filed a renewed Motion for Default Judgment seeking $1.00 in nominal damages and $6,000.00 in punitive damages. ECF No. [51]. On October 28, 2025, the Court entered an Order ("Final Default Judgment") granting the Motion for Default Judgment in favor of Plaintiff in the amount of $1.00 in nominal damages and $1,000.00 in punitive damages. ECF No. [68]. Approximately five months later, on April 17, 2026, Defendant filed the Motion presently before the Court for consideration. ECF No. [77].

## II. LEGAL STANDARD

As an initial matter, the Court notes that Defendant moves to set aside the default under Rule 55(c) and Rule 60(b). ECF No. [77]. However, Rule 55(c) applies to vacating entries of default, and Rule 60(b) applies to vacating final default judgments. *See* Fed. R. Civ. P. 55(a); *see also Friedman v. Schiano*, No. 16-cv-81975, 2017 WL 11487874, at *3 (S.D. Fla. Nov. 14, 2017), *aff'd*, 777 F. App'x 324 (11th Cir. 2019) ("Rule 55(c) is the vehicle for vacating entries of default . . . [and] the proper rule for vacating final default judgments is Rule 60(b)."). Because a final default

judgment has been entered in this case, Defendant may only seek to vacate the entry of the final default judgment under Rule 60(b).

Rule 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Under Rule 60(b), a party may seek to set aside a final default judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . misrepresentation, or other misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on the earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[1]

Rule 60(b). To be sure, relief under Rule 60(b) is an extraordinary remedy that is to be used in exceptional circumstances. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993); *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). That said, Rule 60(b) motions are left to the sound discretion of district courts and

---

[1] Rule 60(b)(6)'s catchall provision is available only when Rule 60(b)(1) through (b)(5) are inapplicable. *See Liljeberg v. Health Serv. Acquisition Corp.*, No. 486 U.S. 847, 863, n.11 (1988) (citing *Klapprott v. United States*, 335 U.S. 601, 613 (1949)). Even then, "extraordinary circumstances" must justify reopening. *Id.*

will not be reversed only upon a showing of abuse of that discretion. *Solaroll Shade & Shutter Corp v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) (first citing *Villareal v. Braswell Motor Freight Lines, Inc.*, 545 F.2d 978 (5th Cir. 1977) then citing *Hand v. United States*, 441 F.2d 529, 531 (5th Cir. 1971)).

"A district court 'may relieve a party . . . from a final judgment, order, or proceeding . . . for excusable neglect.'" *Forster v. Narain*, 859 F. App'x 411, 414 (11th Cir. 2021) (quoting Fed. R. Civ. P. 60(b)(1)). "'The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Id.* (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)). "A party may may obtain relief based on excusable neglect if '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Id.* (quoting *In re Worldwide Web*, 328 F.3d 1291, 1295 (11th Cir. 2003)). "[T]he determination of excusable neglect is an equitable one that should take into account the totality of the circumstances surrounding the party's omission." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 734, 744 (11th Cir. 2017). Finally, Rule 60(c) imposes deadlines on Rule 60(b). All such motions must be filed "within a reasonable period of time." Rule 60(c)(1). But for some, including motions under Rule 60(b)(1), that "reasonable time" may not exceed one year. Rule 60(c)(1).

## III. DISCUSSION

Defendant's Motion appears to be timely filed. In the Motion, Defendant alleges that vacatur is warranted based on "mistake, inadvertence, or excusable neglect." ECF No. [77] at 11. To warrant vacatur of the final default judgment on that basis, the Defendant must demonstrate the following three elements: "a meritorious defense, prejudice, and a good reason for not responding to the complaint." *In re Worldwide Web*, 328 F.3d at 1297.

Regarding the first element, Defendant argues that she has a meritorious qualified immunity defense to the allegations in the Complaint. *Id.* at 11–13. Defendant asserts that she could find no published opinion "that has established a . . . constitutional right for transsexual inmates to shower separately." *Id.* at 13. Defendant recognizes that the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301, *et seq*, provides that "[t]transgender and intersex inmates shall be given the opportunity to shower separately from other inmates." *Id.* at 13 (citing 28 C.F.R. § 115.42(f)). Nonetheless, Defendant argues that Plaintiff's claim that Defendant has allegedly violated "the PREA is not an Eighth Amendment violation in and of itself." *Id.* at 13 (citing *Cox v. Nobles*, 15 F.4th 1350, 1361 (11th Cir. 2021) (rejecting argument that violation of the PREA constitutes a *per se* Eighth Amendment violation)). Given the above, the Court finds that Defendant has a "meritorious defense" because a violation of prison policy alone is insufficient to state an Eighth Amendment claim. *See Cox*, *supra.*; *see also Sandoval v. Fox*, 135 F. App'x 691, 691–92 (5th Cir. 2005) ("The mere failure to comply with prison rules and regulations does

not, without more, give rise to a constitutional violation."). Further, the mere fact that Plaintiff is transgender is also insufficient to show liability under the U.S. Constitution for any perceived assault by another inmate. *Cox*, *supra.*

Next, the Court considers whether Defendant has demonstrated the second element—whether vacating the Final Default Judgment would prejudice Plaintiff. Defendant bears the burden here of showing that "granting the motion would not result in prejudice to the non-defaulting party." *In re Worldwide Web*, 328 F.3d at 1295 (citation omitted). Defendant suggests there is no prejudice to Plaintiff in granting the Motion because Plaintiff has suffered no physical injury arising from the alleged constitutional violation and has conceded he was only entitled to nominal damages. ECF No. [77] at 14. Defendant's Motion was filed approximately five months after the Final Default Judgment was entered. Given the brief delay, Defendant has demonstrated that Plaintiff will suffer no prejudice if the Motion is granted. Therefore, Defendant has met the second Rule 60(b) prong.

As to the third element, Defendant has also demonstrated a good reason for failing to file a response to the complaint. *S.E.C. v. Simmons*, 241 F. App'x 660, 663 (11th Cir. 2007). Defendant explains that, after being served with the summons and complaint on June 28, 2024, she made a copy of the documents and turned them over to Ms. Weatherspoon, the individual who "worked on inmate grievances at the institution and was the point of contact for legal matters." ECF No. [77-1], Ex. A at 1 ¶ 3. Thereafter, Defendant states she "did not hear anything else about the

lawsuit." *Id.*, Ex. A at 1 ¶ 4. As such, the Court further finds Defendant's conduct was neither willful or culpable.

Although Defendant has not provided an Affidavit from the individual at Dade Correctional Institution, Ms. Weatherspoon, to whom she handed the summons and Complaint, Defendant provided declarations from Alexander Nicholas Layton ("Mr. Layton"), the North Tort Risk Management Program Administrator for the State of Florida, Department of Financial Services, which reveal that, from January 2026 through February 2026, he was ill and underwent general surgery, which required him to be out of the office frequently and then during his recovery post-surgery. ECF No. [77-3], Ex. C at 1 ¶ 3. In March 2026, when Mr. Layton returned to work, he discovered that "mail incorrectly addressed to [his] unit from Plaintiff . . . [that] belonged to another unit . . . relating to a court ordered judgment." ECF No. [77-3], Ex. 1–2 at ¶ 4. As a result, Mr. Layton "immediately notified the proper unit's administrator and contacted the Florida Department of Corrections." *Id.*

Approximately a month later, on April 17, 2026, Defendant filed the counseled Motion presently before the Court for consideration. ECF No. [77]. Further, the record is silent on whether Defendant received a copy of the Clerk's Default and then the Final Default Judgment.[2] *See* ECF No. [41]; ECF No. [68]. Thus, it does not appear that Defendant's failure to respond to the Complaint was due to her own

---

[2] There are no notations on the order and judgment or the Court docket that a copy of these filings was mailed to Defendant at Dade Correctional Institution, the facility where she was personally served with the lawsuit.

willful or personal conduct. Thus, Defendant has demonstrated the third element warranting the grant of the Rule 60(b) Motion.

## IV. CONCLUSION

Accordingly, upon review of Defendant's Motion, ECF Nos. [77], the pertinent portions of the record, and relevant authorities, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Relief from Default and Default Final Default Judgment, ECF No. [77], is **GRANTED.**
2. The Clerk of Court shall vacate the Clerk's Default, ECF No. [41] and the Court's Final Default Judgment, ECF No. [68], and **shall** reopen this case.
3. On or before **September 14, 2026**, Defendant **shall** file a responsive pleading to Plaintiff's Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida on this 2nd day of September, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to:**

**Garcia Hall,** ***Pro Se***
DC#121217
Santa Rosa Correctional Institution
Inmate Mail/Parcels
5850 East Milton Road
Milton, FL 32583

**Thomas Andrew Falkinburg, Ass't Att'y Gen.**
Florida Attorney General's Office
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, FL 33301
Email: thomas.falkinburg@myfloridalegal.com